IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**NATASHA POWELL BROWN**                                                            **PLAINTIFF**

V.                                                                  **NO. 3:14-cv-00869-CWR-FKB**

**DEUTSCHE BANK NATIONAL TRUST COMPANY, AS**            **DEFENDANTS**
**TRUSTEE FOR ARGENT SECURITIES, INC. ASSET-BACKED**
**PASS-THROUGH CERTIFICATES, Series 2003-W8;**
**HOMEWARD RESIDENTIAL, INC., F/K/A AMERICAN HOME**
**MORTGAGING SERVICING, INC.; CITI RESIDENTIAL LENDING, INC.;**
**ADAMS & EDENS; L&M, LLC; and JOHN & JANE DOES, 1-100**

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND

COMES NOW the Plaintiff, through undersigned counsel, and submits this Memorandum of Law in Support of her Motion to Remand.

### I. PRELIMINARY STATEMENT

Plaintiff, a Mississippi citizen, originally filed this action in the Circuit Court of the First Judicial District of Hinds County, Mississippi, asserting state law causes of action in tort, fraud, breach of contract, breach of implied covenant of good faith and fair dealing, negligent infliction of emotional distress, negligence/gross negligence, wrongful foreclosure, fraudulent conveyance, trespass, ejectment, and unjust enrichment. Defendants include Mississippi citizens Adams & Edens and L&M, LLC, as well as foreign corporations Deutsche, Homeward, and Citi.

Defendant Deutsche removed this action, and all other defendants joined in the removal, asserting that this Court has subject matter jurisdiction based on federal question, as well as diversity because of the alleged fraudulent and/or improper joinder of L&M, LLC, and Adams & Edens. This action should be remanded because this Court

1

lacks any subject matter jurisdiction. The removing parties have failed to meet their burden in demonstrating that L&M, LLC, and/or Adams & Edens were fraudulently or improperly joined, or that federal question jurisdiction exists. Under Mississippi law, L&M, LLC, is a necessary and/or proper party to this action. This is pursuant to Rule 19 M.R.Civ.P., and other Mississippi authority. Plaintiff has also stated viable claims against Adams & Edens under Mississippi law, and accordingly there is no basis for Defendants' argument that the Mississippi entities are fraudulently joined. Finally, this matter does not fall under bankruptcy court jurisdiction because Plaintiff's claims are not assets of her terminated 2007 bankruptcy case.

Therefore, it is respectfully submitted that this Court has ample basis, and is duty bound to remand this action to the state court for the following substantive reasons: Defendants L&M, LLC, and Adams & Edens are not fraudulently joined, and this matter does not fall under bankruptcy court jurisdiction.

## II. FACTS AND PROCEDURAL BACKGROUND

On June 20, 2014, Plaintiff filed her Complaint in the Circuit Court of the First Judicial District of Hinds County, Mississippi, and on October 9, 2014, filed her First Amended Complaint, asserting state law causes of action in tort, fraud, breach of contract, breach of implied covenant of good faith and fair dealing, negligent infliction of emotional distress, negligence/gross negligence, wrongful foreclosure, fraudulent conveyance, trespass, ejectment, and unjust enrichment. Defendants were served as follows: Deutsche on October 10, 2014; Citi on October 9, 2014; Homeward on October 14, 2014; Adams & Edens on October 14, 2014; and L&M on October 28, 2014. Deutsche removed this action on November 7, 2014, asserting that this Court has

jurisdiction because of contrived federal question jurisdiction and because of unsubstantiated allegations that L&M, LLC, and Adams & Edens were fraudulently joined, and that the Mississippi Defendants' citizenship should be discounted in determining whether diversity exists. Defendants Homeward, Citi, and Adams & Edens joined in the removal on November 7, 2014, and L&M, LLC, joined in the removal on November 26, 2014. L&M answered Plaintiff's Amended Complaint on December 1, 2014. None of the other Defendants have answered. For the reasons set forth below, this Court should remand this matter to the Circuit Court of the First Judicial District of Hinds County.

## LAW AND ARGUMENT

**A. There is no federal question jurisdiction in this case.**

Pursuant to 28 U.S.C. §1447(c), a case can be remanded if there is either a defect in the removal procedure or a lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction, and therefore, removal statutes are subject to strict construction. *Willy v. Coastal Corp.* 855 F.2d 1160, 1164 (5th Cir. 1988). The party seeking removal bears the burden of establishing that federal jurisdiction exists and showing that removal is procedurally proper. *Boone v. Citigroup, Inc.,* 416 F.3d 182, 288 (5th Cir.2005); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723.

Under 28 U.S.C. § U.S.C. 1331, "[t]he district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which states that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Lorenz*

*v. Tex. Worforce Com'n*, 211 Fed.Appx. 242, 244 (5th Cir. 2006). The plaintiff is the master of the claim under this rule, and thus, the plaintiff may avoid federal jurisdiction by exclusively relying on state law. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "Jurisdiction may not be sustained on a theory that the plaintiff has not advanced." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 810 n. 6 (1986), *citing Healy v. Sea Gull Specialty Co.*, 237 U.S. 479, 480 (1915).

### 1. The Plaintiff's 2004, 2005, and 2007 bankruptcy filings do not provide this Court with subject matter jurisdiction.

Defendants allege that this Court has jurisdiction pursuant to 28 U.S.C. § 157, 1334, & 1452, on the basis that Plaintiff failed to disclose this lawsuit, stemming from a June 20, 2011 wrongful foreclosure sale, in her 2004, 2005, and 2007 bankruptcy cases. The simple response is that Plaintiff did not include her current claims in the long-terminated bankruptcy proceedings because the claims did not yet exist. Plaintiff's claims all arose *after* her final bankruptcy proceeding was dismissed on February 27, 2008. The wrongful foreclosure sale at issue in this lawsuit occurred more than three years later, on June 20, 2011.

Only property that exists at the commencement of the bankruptcy case becomes property of the estate. *Burgess v. Sikes (In re Burgess)*, 438 F.3d 493, 496 (5th Cir. 2006). A case is commenced when the voluntary petition for relief is filed. 11 U.S.C. § 301. The Fifth Circuit has explained, "a debtor's interest in property may be contingent—or enjoyment of the interest may be postponed—until after bankruptcy, but the debtor must have had a pre-petition interest nonetheless." *Burgess*, 438 F.3d at 499. Whether a "cause of action belongs to the estate depends on whether…the debtor

could have raised the claim as of the commencement of the case." *Educators Grp. Health Trust*, 25 F.3d 1281, 1284 (5th Cir. 1994).

Plaintiff filed her final bankruptcy petition on June 22, 2007, and the bankruptcy case was dismissed on February 27, 2008. Plaintiff alleges in her Complaint that she received a notice of intent to foreclose from Defendant Citi on or about March 20, 2008, *after* her bankruptcy proceeding was dismissed. *See* Complaint at 6, ¶ 22. From there, she details her attempts to obtain a loan modification from Citi throughout 2008. *See* Complaint at 6-7, ¶¶ 23-25. She alleges that she received multiple solicitations for the Home Affordable Modification Program (HAMP) from Defendant AHMSI in 2009, 2010, and 2011, and that she applied but never received any information or correspondence regarding whether she qualified. *See* Complaint at 7, ¶ 26. Plaintiff alleges that Defendant Adams & Edens would not give her an accurate reinstatement amount despite her requests in 2010 and 2011, nor would the company explain how the reinstatement amounts were calculated. *See* Complaint at 7-9, ¶¶ 28-33. Finally, she alleges that the subject property was wrongfully foreclosed on June 20, 2011, and sold to L&M, LLC. *See* Complaint at 9, ¶¶ 34. All of these events transpired *after* the February 27, 2008 dismissal of Plaintiff's final bankruptcy case, and form the basis for Plaintiff's claims in this lawsuit—claims which accrued on June 20, 2011, the date Plaintiff's property was wrongfully foreclosed. Thus, Plaintiff's claims clearly arose *after* her 2007 bankruptcy petition was filed, and *after* the bankruptcy case was dismissed.

In order to establish federal question jurisdiction where none exists, Defendants ask this Court to find that Plaintiff should have included claims that arose in the years following the termination of her final bankruptcy proceeding and leading up to the June

5

20, 2011 foreclosure sale in a bankruptcy case that commenced in 2007 and was dismissed in 2008. However, the law is clear that Plaintiff's claims were not assets of her bankruptcy case because they arose post-petition. Plaintiff did not conceal her claims from Defendants—indeed, she could not have concealed claims that did not yet exist.

In an abundance of caution, Plaintiff submits the following argument regarding mandatory abstention. 28 U.S.C. 1332(c)(2) provides the following regarding mandatory abstention:

Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

Therefore, a Court must abstain from hearing a matter if (1) a motion for remand is timely made; (2) the claim is based on state law and is only "related to" the case under title 11; (3) the claim cannot be brought in federal court absent the court's bankruptcy jurisdiction; and (4) a timely resolution of the claim can occur in state court. *O'Rourke v. Cairns*, 129 B.R. 87, 90 (E.D.La. 1991).

Here, this matter was filed within thirty days of Defendants' removal. The second prong of the above-described test is also met. Plaintiff's claims are only based on state law, because Plaintiff has made no claim arising under federal law. Next, the second prong requires a determination of whether a proceeding is "related to" a case under title 11. A case is "related to" if its outcome can affect the estate being administered in bankruptcy. *See In re Morrison*, 555 F.3d 473, 479 (5th Cir. 2009). In other words, a case is "related to" and not arising under if the cause of action did not derive from

6

bankruptcy law.  Here, none of Plaintiff's claims arise under bankruptcy law.  Third, a district court should abstain if the case could not be brought in federal court absent the bankruptcy jurisdiction.  As discussed above and below, this Court has neither federal question nor diversity jurisdiction of this case.  Finally, mandatory abstention requires that there is a timely resolution of Plaintiff's claims in state court.  Defendants here have shown no reason, and there is no reason, why this matter would not reach a timely resolution in state court.  Therefore, this Court must abstain from hearing this matter.

Pursuant to 28 U.S.C. 1332 (c)(1), district courts provide for discretionary abstention in some instances.  Factors considered include the following: (1) a state court is better able to respond to purely state law matter; (2) the wasteful or duplicative use of judicial resources; (3) the prejudice to the involuntarily removed parties; (4) comity issues; (5) a diminished likelihood of inconsistent results; and (6) the expertise of a particular court. *Browning v. Navarro*, 743 F.2d 1069, 1076, n. 21 (5th Cir. 1984); *O'Rourke*, 129 B.R. at 90.

Here, these factors applied to this case also favor abstention. Plaintiff's case is solely based on state law and regarding a piece of property in the state; therefore, a state court would be the more appropriate forum. There is no wasteful use of judicial resources, and there is prejudice to Plaintiff, who has requested a jury trial in her county of residence. Finally, general comity with state courts and respect for state law favors remand.

**B.  This Court lacks diversity jurisdiction.**

Federal court subject matter jurisdiction can also exist pursuant to 28 U.S.C. §1332, when there is diversity jurisdiction, where "the matter in controversy exceeds the

7

sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." However, federal courts are courts of limited jurisdiction, and therefore, removal statutes are subject to strict construction. *Willy v. Coastal Corp.* 855 F.2d 1160, 1164 (5th Cir. 1988). The party seeking removal bears the burden of establishing that federal jurisdiction exists and showing that removal is procedurally proper. *Boone v. Citigroup, Inc.,* 416 F.3d 182, 288 (5th Cir.2005); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723. Lack of diversity is a jurisdictional defect that cannot be waived. *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 560 (5th Cir. 1985). Any doubt regarding whether federal jurisdiction exists following removal must be resolved against a finding of federal jurisdiction. *Gash v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007); *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

Here, Plaintiff is a citizen of Mississippi. Moreover, Defendants Adams and Edens and L&M, LLC, are also citizens of Mississippi. L&M, LLC, is the purported title owner of the property at issue in this litigation and is in possession of the subject property. Adams & Edens was the Substitute Trustee and performed the wrongful foreclosure at issue in this lawsuit. As the removing parties, Defendants have the burden to establish diversity exists. Defendants have provided nothing to rebut the evidence presented from Plaintiff that Defendants L&M, LLC, and Adams & Edens are Mississippi citizens. Thus, this Court lacks subject matter jurisdiction.[1]

---

[1] Moreover, in an abundance of caution, plaintiff submits that removal was improper based on 28 USC §1441(b). The presence of a forum defendant is a procedural defect that must be pled within thirty days of removal. Here, in addition to a lack of diversity, the Defendants L&M and Adams & Edens are Mississippi residents. Thus, removal was improper based on the home-state rule.

Because this Court lacks subject matter jurisdiction, there is no basis for removal. The citizenship of all defendants must be considered when determining whether complete diversity exists. *Culpepper v. Double R, Inc.*, 269 F.Supp.2d 739, 740, 743 (S.D.Miss. 2003) (granting the plaintiffs' motion to remand where defendant did not meet its heavy burden of proving fraudulent joinder and therefore could not establish complete diversity); *Ott v. Consol. Freightways Corp. of Delaware*, 213 F.Supp.2d 662, 664 (S.D. Miss. 2002), *citing Pullman Co. v. Jenkins*, 305 U.S. 534, 540 (1939). Defendant L&M, LLC, is a Mississippi limited liability corporation, Defendant Adams & Edens is a Mississippi law firm, and the Plaintiff is a citizen of Mississippi. Therefore, this Court lacks subject matter jurisdiction.

In order to create subject matter jurisdiction where none exists, Defendants argue that L&M, LLC, and Adams & Edens are fraudulently joined. The removing party bears the burden of demonstrating fraudulent or improper joinder, and the burden is a heavy one. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). In order to establish improper or fraudulent joinder, the moving party must demonstrate either "(1) actual fraud in the pleading of jurisdiction facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Defendants have not raised an allegation or presented any evidence that L&M, LLC's, and Adams & Edens' citizenship have been fraudulently pled. Thus, the remaining inquiry is whether Plaintiff can establish a cause of action against L&M, LLC, and/or Adams & Edens in state court.

Under the cause of action inquiry, "[t]he court determines whether that party has any possibility of recovery against the party whose joinder is questioned. If there is

arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no [improper] joinder.  This possibility, however, must be reasonable, not merely theoretical."  *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003). The Court must determine whether "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281, quoting *Smallwood*, 385 F.3d at 573.

This Court is not required to reach a conclusion as to whether Plaintiff will actually, or even probably, prevail on the merits of her claims against L&M, LLC, and/or Adams & Edens.  Rather, all questions of fact or ambiguities of law should be resolved in favor of the non-removing party, and if the court then finds there is "arguably a reason for predicting that the state law might impose liability on the facts involved," then there is no fraudulent joinder and hence no basis for asserting diversity of citizenship jurisdiction.  *See Travis v. Irby*, 326 F.3d at 648, quoting 16 Moore's Federal Practice §107.14[2][c] [iv][A].

The "absolutely no possibility" burden has not been met in this case.  Defendants have failed to prove that there is absolutely no possibility that Plaintiff will be able to establish a claim against L&M, LLC, for its wrongful possession of her property and trespass, as well as any other applicable state law claims.  Plaintiff's claims center on a wrongful, fraudulent foreclosure of her property, and the subsequent fraudulent transfers of title and the resulting loss of possession of Plaintiff's home.  Under Mississippi law, the remedy for a wrongful foreclosure sale is the voiding of the sale and/or damages.  As a result of the wrongful and/or fraudulent foreclosure, Plaintiff asserts that her title is superior to that of the non-diverse Defendant L&M, LLC, and that

the Circuit Court of the First Judicial District of Hinds County, Mississippi, through its jurisdiction for relief of ejectment, should so find. Thus, in Plaintiff's action, for all proper relief to be addressed, the title owner to the property at issue is a necessary party under M.R.Civ.P. Rule 19 and other Mississippi law and authority.

Further, Miss. Code §89-1-55 illustrates that an error in the mode of sale can result in the sale being void. The Mississippi Supreme Court has ruled that the remedies for wrongful foreclosure are an election between (1) having the sale set aside or (2) recovering damages. *Nat'l Mortg. Co. v. Williams,* 357 So.2d 934, 936 (Miss. 1978). Based on the available remedies and the fact that Plaintiff's claim involves property, L&M, LLC, is the purported owner and is a necessary party under M.R.Civ.P. Rule 19. Moreover, pursuant to Miss. Code §11-19-5, the statute governing ejectment, L&M, LLC, is a necessary party. That statute provides as follows:

> If the premises for which the action is brought be actually occupied by any person, **such actual occupant shall be made a defendant in the suit; and all other persons claiming title or interest to or in the same may also, in all cases, be joined as defendants**. If the premises be not occupied, the action shall be brought against some person exercising acts of ownership over the premises claimed, or claiming title thereto or some interest therein at the commencement of the suit. (Emphasis ours.)

Reinforcing Plaintiff's position, the Mississippi Supreme Court has specifically held: "It is well settled that all persons needed for just adjudication should be joined as a party in the action. We hold that **no proper and complete adjudication of this dispute involving real property could be made** in absence of the persons owning interests in the property affected." *Aldridge v. Aldridge*, 527 So.2d 96, 98 (Miss. 1988). (Emphasis supplied) Thus, L&M, LLC's, joinder in this matter is required because of its ownership interest in the subject property.

Finally, Mississippi Defendant Adams & Edens is not fraudulently joined in this matter as Plaintiff's Complaint demonstrates that she can establish causes of action against Adams & Edens in state court for wrongful foreclosure, breach of contract, negligence, and her other state law claims. Plaintiff alleges that Adams & Edens, acting in its capacity as Substitute Trustee, wrongfully foreclosed her property on June 20, 2011, without giving her an accurate reinstatement figure, without explaining how it calculated its reinstatement figures, and without notifying her "of the date, place or time that her home was being sold in foreclosure." *See* Complaint at 7-9, ¶¶ 28-34. Plaintiff further alleges that Adams & Edens conducted the foreclosure sale despite that fact that she never received notice of acceleration of the loan, as required by the terms of the Deed of Trust. *See* Complaint at 7-9, ¶¶ 28-34. Thus, Plaintiff has demonstrated that she can prevail against Adams & Edens for its negligent and/or bad faith foreclosure of her home, and for breaching the Deed of Trust by conducting the foreclosure sale despite the conditions precedent to foreclosure not being met. Thus, like L&M, LLC, the "absolutely no possibility" burden has not been met in this case. Defendants have failed to prove that there is absolutely no possibility that Plaintiff will be able to establish a claim against Adams & Edens for its wrongful foreclosure of her property and breach of the terms of the Deed of Trust, as well as her other applicable state law claims.

**C. Plaintiff Prays for Attorneys' Fees and Costs for Being Forced to Address Defendants' Baseless Removal**

Defendants' removal of this case is wholly without merit. In wrongful foreclosure cases highly similar to the case at bar, the U.S. District Court for the Southern District of Mississippi has uniformly held that when occupants of properties at issue in wrongful

foreclosure lawsuits are named as defendants, they are *not* fraudulently joined.[2] Further, there is no plausible basis for Defendants' assertion that Mississippi citizen Adams & Edens is fraudulently joined in this proceeding. As discussed above, Plaintiff makes several specific allegations in her Complaint regarding Adams & Edens' actions leading up to and at the time of the wrongful foreclosure sale that support her state law claims against Adams & Edens for wrongful foreclosure, breach of contract, negligence, etc. Finally, Defendants have no plausible basis for arguing that Plaintiff's current claims are assets of a bankruptcy proceeding that commenced in 2007 and was dismissed on February 27, 2008, more than three years *before* the subject foreclosure sale occurred. As discussed above, claims that arise post-bankruptcy-petition are *not* assets of the claimant's bankruptcy estate. For these reasons, Plaintiff respectfully asks the Court to assess attorneys' fees and costs against Defendants to compensate Plaintiff for the cost of defending against this bad faith and baseless removal.

## III. CONCLUSION

Taking Plaintiff's allegations as true and construing all state law ambiguities in favor of Plaintiff, Defendant, L&M, LLC, faces potential findings of wrongful possession, ejectment, trespass, and wrongful conveyance of title of property rightfully owned by Plaintiff. Defendant Adams & Edens faces potential findings of liability for wrongful

---

[2] See, e.g., *Randall, et. al. v. Bank of America, N.A., et. al.*, No. 3:13-cv-470-TSL-JMR (S.D. Miss. Sept. 24, 2013); *Jackson v. Bank of New York Mellon Trust Co., N.A., et. al.*, No. 3:13-cv-246-HSO-RHW (S.D. Miss. Oct. 25, 2013); *Jones, et al. v. Bank of America, N.A., et. al.*, No. 3:13-cv-405-LG-JMR (S.D. Miss. Nov. 4, 2013); *Kelley v. Wells Fargo, N.A., et al.*, No. 1:13-cv-354-LG-JMR (S.D. Miss. Nov. 22, 2013); *Wales v. Wells Fargo, N.A., et al.*, No. 3:13-cv-461-WHB-RHW (S.D. Miss. Feb. 5, 2014); *Housdan v. JPMorgan Chase Bank, N.A., et. al.*, No. 3:13-cv-00543-CWR-FKB (S.D. Miss. Sept. 24, 2014); and *Sturgis v. JPMorgan Chase Bank, N.A., et al.*, No. 3:13-cv-00544-LG-JMR (S.D. Miss. May 2, 2014).

foreclosure, breach of contract, negligence, and other state law claims as set forth in Plaintiff's Complaint. The facts, as alleged, clearly set forth cognizable claims under Mississippi state law against both Mississippi entities. Defendants have not demonstrated that there is absolutely no possibility that Plaintiff will be able to establish a cause or causes of action against non-diverse Defendants L&M, LLC, and/or Adams & Edens in state court. Defendants have also failed to demonstrate that this Court has federal question jurisdiction over this case because Plaintiff's claims are not assets of her long-closed 2007 bankruptcy case. Therefore, remand of this case is clearly required.

Further, Plaintiff requests attorneys' fees and costs to compensate Plaintiff for the cost of defending against this baseless removal.

Respectfully submitted, this 8th day of December, 2014.

NATASHA POWELL BROWN

BY: s/*W. Joseph Kerley*_____
W. JOSEPH KERLEY

## CERTIFICATE OF SERVICE

I, W. JOSEPH KERLEY, do certify that on December 8, 2014, I electronically filed the above and foregoing *Plaintiff's Memorandum of Law in Support of Motion to Remand* with the Clerk of the Court using the ECF system, which sent notification of such filing to the following:

| | |
|---|---|
| Mark H. Tyson | mtyson@mcglinchey.com |
| Stephen T. Masley | smasley@mcglinchey.com |
| Mary Clay W. Morgan | mmorgan@babc.com |
| Erin D. Saltaformaggio | esaltaformaggio@babc.com |
| Bradley B. Vance | bvance@burr.com |
| Bradley P. Jones | brad.jones@aelawyers.com |

s/W. Joseph Kerley__
W. JOSEPH KERLEY

W. JOSEPH KERLEY, MSB #3585
JOHN G. CLARK, MSB #6264
KERLEY & CLARK
232 Market Street
Flowood, MS  39232
O. 601-982-1112
F. 601-914-7250
E. wjk@kerleyandclark.com