**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**NATASHA POWELL BROWN**                                                  **PLAINTIFF**

**VS.**                                                  **CAUSE NO. 3:14-cv-869-CWR-FKB**

**DEUTSCHE BANK NATIONAL TRUST COMPANY, AS**                 **DEFENDANTS**
**TRUSTEE FOR ARGENT SECURITIES, INC. ASSET-BACKED**
**PASS-THROUGH CERTIFICATES, Series 2003-W8;**
**HOMEWARD RESIDENTIAL, INC., F/K/A AMERICAN HOME**
**MORTGAGE SERVICES, INC.; CITI RESIDENTIAL LENDING, INC.;**
**ADAMS & EDENS; L&M, LLC; and JOHNS & JANE DOES, 1-100**

## MEMORANDUM OPINION AND ORDER

Before the Court are a motion to dismiss by Defendant Citi Residential Lending, Inc. ("Citi") [Docket No. 7]; a motion to dismiss by Defendant Homeward Residential, Inc. f/k/a American Home Mortgage Servicing, Inc. ("AHMSI") [Docket No. 10]; Plaintiff's motion to remand [Docket No. 18]; and Defendant Deutsche Bank National Trust Company's ("Deutsche") motion to dismiss [Docket No. 22]. Upon due consideration, the Court finds that Plaintiff's motion for remand should be granted.

## RELEVANT BACKGROUND

This action arises out of Deutsche's foreclosure on the Plaintiff's property and the subsequent conveyance of that property to several of the Defendants.

The Complaint alleges that Plaintiff Natasha Powell Brown acquired a tract of real property in Jackson, Mississippi, on or about October 15, 2003. *See* First Am. Compl., Docket No. 1-1, at 4. Brown executed a deed of trust in connection with the purchase and secured a loan in the amount of $82,800.80. *Id*. at 5. The deed of trust was then assigned to Deutsche. *Id*. at 6. Brown alleges that she fell behind mortgage payments due to a combination of missed work and

medical expenses related to two separate surgical procedures. *Id*. As a result, she filed bankruptcy and her mortgage payments were included in her bankruptcy repayment plan.

In July 2007, Brown claims that she contacted AHMSI in order to determine whether she qualified for a loan modification and other assistance. *Id*. According to the Complaint, on July 27, 2007, AHMSI sent her a letter requesting information in order to assist her. *Id*. The record shows, however, that the letter was actually sent by AMC Mortgage Services ("AMC"). *See id*. The letter requested Brown to submit the following: a hardship letter, personal financial statement, copies of all pay stubs and bank statements for the past two months, and income and/or expenses related to other real estate that she might own. *See id*. at 46, Exh. "D". On July 31, 2007, Brown sent a copy of her financial statement, *id*. at 47, but contends that AHMSI[1] requested additional documents. Brown alleges that she sent additional documents on other occasions but "AHMSI" never acknowledged receiving this information. *Id*. at 6.

On March 20, 2008, Citi sent a letter to Brown informing her of its intent to initiate foreclosure proceedings unless she cured the default on the property. *Id*. at 48, Exh. "E". Thereafter, on April 23, 2008, in response to a personal financial statement Citi claims it received from Brown on April 16, 2008, Citi sent another letter informing Brown that it needed additional information.[2] *Id*. at 49, Ex. "F". The letter also stated that "[n]ormal collection proceedings up to and including foreclosure will continue during the review process." *Id*. The letter gave Brown until May 8, 2008 to respond with the requested information so as to avoid the

---

[1] It is unclear whether Brown's Complaint mistakenly refers to AMC as AHMSI.

[2] The requested information was similar to the information listed in AMC's letter to Brown, with some slight variances. Citi requested a personal financial statement **signed by all borrowers**, copies of pay stubs for the last two months, and a copy of Brown's current Homeowners Insurance Declaration page. Exh. "F" (emphasis added).

closing of her file. *Id.* Brown alleges that she complied with Citi's letter by sending the requested documentation, apparently so that she may receive a loan modification.

Citi declined Brown's loan modification request on July 17, 2008. *Id.* at 54, Exh. "H". In response, Brown alleges that she sent a letter to Citi on November 28, 2008, expressing concern over her denial of a loan modification. *Id.* at 7, 55. She further states that she sent letters to AHMSI on several dates from August 2009 – April 2011, regarding "loan assistance through HAMP and/or HOPE for Homeowners Program." *Id.* at 8. In addition, she argues that she completed the documents and never received any correspondence as to whether she qualified.[3] *Id.*

Brown alleges that on January 24, 2011,[4] Adams & Edens, P.A. ("Adams & Edens"),[5] a Mississippi law firm, issued a letter informing Brown that she needed to pay $56,577.43 in order to reinstate her loan, otherwise, foreclosure of her loan would continue. *Id.*, Exh. "K". Brown responded to Adams & Edens by letter on January 24, 2011, disputing the amount it asked her to pay for the loan reinstatement, requesting documents showing that the amount was accurate, and asking for foreclosure proceedings to be stalled until the issues regarding payment were settled. *See* Exh. "L". Thereafter, on June 13, 2011, Adams & Edens responded to Brown's January 24 letter, informing her that the reinstatement fee was now $45,031.07, and that she had until June 15, 2011 in which to satisfy her debt. *Id.* at 60, Exh. "M". Brown never paid, and, on June 20,

---

[3] Citi, in its motion to dismiss, states that on January 23, 2009, it sent a letter to Brown advising her that "[e]ffective February 11, 2009, the servicing of your mortgage account, that is, the right to collect payments from you, will be transferred from Citi Residential Lending to AHMSI." Docket No. 8, at 4.

[4] The record shows that the letter was actually sent on January 10, 2011. *See* Exh. "K".

[5] On February 3, 2011, the record shows that AHMSI appointed Bradley P. Jones, an employee at Adams & Edens, as Trustee.

2011, a foreclosure sale was conducted, and Bradley P. Jones sold the property to Defendant L&M, LLC ("L & M").[6] *See* Exh. "N".

Brown claims that she never received any responses to her previous inquiries as to her loan terms and payment history. *Id*. at 9. In addition, she alleges that she never received any notification "that her home was actually placed in foreclosure nor was she advised of the date, place or time that her home was being sold in foreclosure." *Id.*

On June 20, 2014, Brown filed the current suit against AHMSI, Deutsche, Citi, Adams & Edens, L & M, and individual defendants in the Circuit Court of the First Judicial District of Hinds County, Mississippi. Brown alleges, among other things, that Deutsche did not have the right to foreclose on the subject property and that L & M took illegal possession of the subject property. Brown asserts a variety of claims against these Defendants, including breach of contract, promissory estoppel, breach of duty of good faith and fair dealing, negligence and gross negligence, wrongful foreclosure, negligent infliction of emotional distress, trespass, ejectment, and fraudulent conveyance, among others. *See* First Am. Compl. Brown seeks compensatory damages, punitive damages, and attorney's fees.

On November 7, 2014, Deutsche timely removed to this Court alleging that Adams & Edens and L &M were improperly joined. *See* Notice of Removal, Docket No. 1. On the same date, Citi, Adams and Edens, and AHMSI joined in and consented to the removal. *See* Docket No. 2. Defendants assert that the Court has original jurisdiction over this action pursuant to Title 28 U.S.C. §§ 1332 (diversity of citizenship), 1331 (federal question), and 1334 (bankruptcy jurisdiction). Brown, on December 8, 2014, filed her motion to remand, in which she argued that

---

[6] In its response to Plaintiff's motion to remand, Citi attached a warranty deed in which L & M conveyed the subject property to a third party, Lekendrick J. Kirklon, on October 17, 2014. *See* Docket No. 26-2, Exh. 2. Brown did not include the third party as a defendant in this suit.

the Court does not have jurisdiction (diversity, federal court or bankruptcy) over this action, and

that this case must be remanded to state court.

## STANDARD OF REVIEW

The removal statute states in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil
> action brought in a State court of which the district courts of the United
> States have original jurisdiction, may be removed by the defendant or the
> defendants, to the district court of the United States for the district and
> division embracing the place where such action is pending.

28 U.S.C. § 1441(a). A case may be remanded upon a motion filed within thirty days after the

filing of the notice of removal on any defect except subject matter jurisdiction, which can be

raised at any time by any party or *sua sponte* by the Court. *See Wachovia Bank, N.A. v. PICC

Prop. & Cos. Co. Ltd.*, 328 F. App'x 946, 947 (5th Cir. 2009). "If at any time before final

judgment it appears that the district court lacks subject matter jurisdiction, the case shall be

remanded." 28 U.S.C. § 1447(c). Any "doubts regarding whether removal jurisdiction is proper

should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339

(5th Cir. 2000).

## DISCUSSION

### I.      Diversity Jurisdiction

Title 28, Section 1332 of the United States Code confers federal diversity jurisdiction

over civil actions where the matter in controversy exceeds the sum or value of $75,000,

exclusive of interest and costs, and the civil action is between citizens of different states. It is

undisputed that the amount in controversy is satisfied in this lawsuit, and that Deutsche, with its

principal place of business in California, and Plaintiff Brown domiciled in Mississippi, are

diverse from one another. The issue before the Court is whether Adams & Edens and L & M,

who are both Mississippi companies, were improperly joined. If they are proper parties to this action, diversity is defeated and the case should be remanded. If they were improperly joined, complete diversity exists and the case must remain in this Court.

Federal courts are courts of limited jurisdiction, and therefore, removal statutes are subject to strict construction. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). The party seeking removal bears the burden of establishing that federal jurisdiction exists and showing that removal is procedurally proper. *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Any doubt regarding whether federal jurisdiction exists following removal must be resolved against a finding of federal jurisdiction. *Gash v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007); *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Lack of diversity is a jurisdictional defect that cannot be waived. *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 560 (5th Cir.1985).

To establish improper or fraudulent joinder, the moving party must demonstrate either "(1) actual fraud in the pleading of jurisdiction facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[7] *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Under the second inquiry, this Court must determine "whether that party has any possibility of recovery against the party whose joinder is questioned. If there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no [improper] joinder. This possibility, however, must be reasonable, not merely theoretical." *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003). Defendants must demonstrate that there is "'no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.'" *Kling Realty Co. v. Chevron*

[7] The first method for establishing improper joinder is not at issue here.

*USA, Inc.*, 575 F.3d 510, 513 (5th Cir. 2009) (quoting *Smallwood*, 385 F.3d at 573). "When conducting a fraudulent joinder analysis, a court must resolve all disputed questions of fact and ambiguities of law in favor of the non-removing party." *Barahona Rodriguez v. Kivett's Inc.*, No. 3:05–CV–738–WHB–JCS, 3:06 CV 13, 2006 WL 2645190, at *3 (S.D. Miss. Sept. 12, 2006) (citing *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992)).

To determine whether a plaintiff has a reasonable basis of recovery under state law, courts generally conduct a Rule 12(b)(6)-type analysis, "looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573. "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id*. Deutsche, as the removing party, bears the heavy burden of demonstrating that there is no possibility of recovery against Adams & Edens and L & M. *See Travis*, 326 F.3d at 648–49 (citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)). Deutsche has failed to meet that burden.

First, Brown argues that Deutsche has failed to prove that there is "absolutely no possibility" that Brown will be able to establish a claim against L & M for trespass, wrongful foreclosure, fraudulent conveyance, as well as other state law claims. This Court has settled such issues before in favor of the plaintiff.[8] *See Housdan v. JPMorgan Chase Bank, N.A.*, No. 3:13-CV-543-CWR-FKB, 2014 WL 4814760, at *3 (S.D. Miss. Sept. 24, 2014) ("In a wrongful foreclosure case, there is at least a slight possibility of recovery on claims against a subsequent

---

[8] As noted in *Johnson v. Deutsche Bank Nat. Trust Co.*, No. 2:14CV51-KS-MTP, 2015 WL 144924, at *8 (S.D. Miss. Jan. 12, 2015), there are several foreclosure-related cases in which remand was not precluded where Defendants argued "that a non-diverse defendant was improperly joined in light of his status as a bona fide purchaser for value [to] support . . . the existence of diversity jurisdiction . . ." *Id. See e.g., Brasel v. JPMorgan Chase, N.A.*, No. 1:13cv206, 2014 WL 2879698, at *4 (N.D. Miss. June 24, 2014); *Sturgis v. JPMorgan Chase Bank, N.A.*, No. 3:13cv544, Order [36] at 10 (S.D. Miss. May 2, 2014); *Wales v. Wells Fargo N.A.*, No. 3:13cv461, Order [18] at 7, 11 (S.D. Miss. February 5, 2014); *Kelley v. Wells Fargo, N.A.*, No. 1:13cv354, 2013 WL 6178243, at *3 (S.D. Miss. Nov. 22, 2013); *Jones v. Bank of Am., N.A.*, 3:13cv405, Order [17] at 4–6 (S.D. Miss. Nov. 4, 2013); *Jackson v. Bank of N.Y. Mellon Trust Co., N.A.*, 1:13cv246, Order [15] at 8–10 (S.D. Miss. Oct. 25, 2013); *Randall v. Bank of Am., N.A.*, 3:13cv470, Order [12] at 8–11 (S.D. Miss. Sept. 24, 2013).

purchaser for value in Mississippi." (citation omitted)). Thus, the Court will look at each cause of action asserted against L & M and Adams & Eden.

Brown asserts several claims against Adams & Edens, however, Mississippi law clearly states that "a trustee under a deed of trust is merely a formal party, because [it] is 'little more than an agent, albeit for both parties, and the writing prescribes his duties.'" *Jeanes-Kemp, LLC v. Johnson Controls, Inc.*, No. 1:09CV723LG-RHW, 2010 WL 502698, at *1 (S.D. Miss. Feb. 5, 2010) (quoting *Wansley v. First Nat'l Bank of Vicksburg*, 566 So.2d 1218, 1223 (Miss. 1990)). "[I]t is a nominal party and not considered for purposes of diversity." *Ford v. PHH Mortgage Corp.*, No. 3:12-CV-811 HTW-LRA, 2013 WL 5445621, at *3 (S.D. Miss. Sept. 30, 2013) (citation omitted). Brown has asserted causes of action against Adams & Edens in its role as substitute trustee, and, therefore, Brown has no reasonable possibility of recovery against it. *See Jeanes-Kemp*, 2010 WL 502698, at *2.

As for L & M, first Brown asserts a claim of fraudulent conveyance against it. "The Mississippi statute pertaining to fraudulent conveyances provides that a conveyance is fraudulent if a debtor 'made the transfer or incurred the obligation with actual intent to hinder, delay or defraud any creditor of the debtor.'" *Brasel v. JPMorgan Chase, N.A.*, No. 1:13-CV-00206-GHD, 2014 WL 2879698, at *4 (N.D. Miss. June 24, 2014) (quoting Miss. Code § 15-3-107(1)). As the court reasoned in *Brasel*, Brown cannot have a claim of fraudulent conveyance under the applicable statute because Brown is not a creditor of L & M. *Id*. The Court must therefore determine whether Brown has a possibility of success on the other claims asserted against L & M. *See id*.

The two remaining claims asserted against L & M are trespass and ejectment. "Liability for trespass requires proof of: (1) interference with the right of exclusive possession of one's

land and (2) an invasion that is the 'direct result of some act committed by the defendant.'" *Gaw v. Seldon*, 85 So.3d 312, 318 (¶ 23) (Miss. Ct. App. 2012) (citing *Thomas v. Harrah's Vicksburg Corp.*, 734 So.2d 312, 315 (¶ 7) (Miss. Ct. App. 1999)). Similarly, "[a] civil action seeking ejectment as relief may be maintained in all cases where the plaintiff is legally entitled to the possession of the land sued for and demanded." Miss. Code. Ann. § 11–19–1.

Brown contends that L & M "improperly and illegally possess[ed] the subject property, and it committed trespass to [her] property when they intentionally invaded the property without consent or right to enter the land," First Am. Compl. at 17, and, "[a]s a result . . . [Brown] suffered actual and nominal damages," *id*. Based on these allegations, Brown has "at least a possibility of success" with her trespass claim. *See Brasel*, at *4.

With respect to her ejectment claim against L & M, Brown says that L & M is in illegal possession of the subject property and that she maintains superior title "in opposition to any conveyance or evidence of the claim to title of the property by L & M." First Am. Compl. at 18. Thus, Brown complains, the foreclosure sale of June 20, 2011 is void. *Id*. "Because Plaintiff claims [s]he 'is legally entitled to the possession of the land sued for and demanded,'[s]he has at least a possibility of success on the ejectment claim" against L & M. *See Brasel*, at *4 (citing Miss. Code § 11-19-1).[9] Furthermore, as Judge Davidson recognized—and as this Court has previously acknowledged—Defendants' position that L & M may have been a bona fide purchaser for value without notice is "an affirmative defense and must be sustained by competent

---

[9] Defendants argue that Brown has not made out a claim against L & M because it no longer has title to the subject property. The Court, however, has decided that for purposes of ruling on the motion to remand, it will only look at the allegations at the time that Plaintiff filed her Complaint. At the time Brown filed her Complaint and her later filed Amended Complaint on October 8, 2014, L & M maintained title to the property at issue. Title was not transferred to Kirklon until October 17, 2014. *See supra* note 6. "The general rule is that when diversity is the basis of jurisdiction, complete diversity must exist both at the time of filing the original action and at the time of the removal." *Hill v. Ascent Assur. Inc.*, 205 F.Supp.2d 606, 611 (N.D. Miss. 2002); *see also Scott v. Commc'n Servs. Inc.*, 762 F. Supp. 147, 151 (S.D. Tex. 1991) ("[a]lthough diversity is to be determined at removal by the pleadings, the pleadings must demonstrate that the parties were diverse at the time of the commencement in state court.").

proof." *Id*. (citation omitted) (holding that the Court could not make a ruling on that issue at the motion for remand stage, "because such a determination would require [the] Court to engage in an *Erie* guess and rule on the merits of the controversy"); *see also Housdan*, 2014 WL 4814760, at *4.

## II.    Federal Question Jurisdiction

In its notice of removal, Deutsche argues that this Court has subject matter jurisdiction over this action based on federal question jurisdiction. In response, Brown contends that removal is not proper because her Complaint does not state a federal question. The Court agrees with Plaintiff.

Under 28 U.S.C. § 1331, "[t]he district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "A federal question exists only in those cases in which a well-plead complaint establishing either that federal law creates the cause of action or that plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337–38 (5th Cir. 2008) (quotation marks, citation, and brackets omitted). "If, on its face, such a complaint contains no issue of federal law, there is no federal question jurisdiction." *Cevallos v. Silva*, 541 F. App'x 390, 393 (5th Cir. 2013) (per curiam) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 391–92 (1987)). Brown's Complaint makes no mention of federal law and all of the claims asserted arises under state law. The Court finds that it does not have federal question jurisdiction.

In its notice of removal, however, Deutsche is of the opinion that federal question exists by way of 28 U.S.C. § 1334. Thus, the Court will discuss whether it has jurisdiction under the bankruptcy statute.

### A.  Bankruptcy Jurisdiction

Deutsche alleges that this Court has jurisdiction pursuant to 28 U.S.C. §§ 157, 1334, & 1452, on the basis that Brown failed to disclose this suit in her 2004, 2005 and 2007 bankruptcy proceedings. *See* Notice of Removal at 4. Defendants contend that "some or all of the claims asserted in this action are assets of her bankruptcy estate that were not properly disclosed, administered or abandoned." *Id.* Brown argues that she did not allege these claims at the time she filed for bankruptcy because "the claims did not yet exist."

28 U.S.C. § 1452—removal of claims related to bankruptcy case—reads in pertinent part:

> A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1334 reads in pertinent part:

> (a)  Except as provided in subject (b) of this section, the district court shall have original and exclusive jurisdiction of all cases under title 11.

> (b)  Except as provided in subsection (e)(2), and not withstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

Thus, Section 1334(b) contains three subcategories of federal subject-matter jurisdiction which are referred to as "arising under," "arising in," and "related to" jurisdiction. *Soriano v. Trustmark Nat'l Bank*, 3:11 CV332–DPJ–FKB, 2012 WL 28596, at * 1 (S.D. Miss. Jan. 5, 2012) *aff'd*, 487 F. App'x 144 (5th Cir. 2012) (citing *Dubose v. Merchants and Farmers Bank*, 318 F.Supp.2d 419, 425 (S.D. Miss. 2003)).

The Fifth Circuit has explained that proceedings "arise under" Title 11 "insofar as they involve a cause of action created by a statutory provision therein . . . ." *In re Wilborn*, 609 F.3d

748, 752 (5th Cir. 2010). Proceedings that "arise in" cases under Title 11 by their nature can only

arise in bankruptcy cases. *Id.*; *see also Housdan*, 2014 WL 4814760, at *7. As this Court found

in *Housdan*, the present dispute arises from the foreclosure and subsequent sale of Brown's

property, and does not involve a cause of action created by Title 11. *See id.* Nor is Brown's case

of the type that can only arise in bankruptcy cases. *See id.* The Court is not persuaded that

Brown's state law claims against Defendants "arise under" or "arise in" any case under Title

11.[10] *See id.*

      To determine whether a matter is "related to" a bankruptcy case, the Fifth Circuit has

adopted the definition that a proceeding is "related to" the bankruptcy case if the outcome of that

proceeding could have "any conceivable effect on the estate being administered in bankruptcy."

*Morrison v. W. Builders of Amarillo, Inc. (In re Morrison)*, 555 F.3d 473, 479 (5th Cir. 2009)

(citing *Matter of Wood*, 825 F.2d 90, 97 (5th Cir. 1987)). Brown filed her bankruptcy petition on

June 22, 2007, and the bankruptcy case was dismissed on February 27, 2008. *See* Docket No. 19,

at 5. The foreclosure sale of the subject property occurred on June 20, 2011, over three years

---

[10] The Court's findings also resolves Defendants' argument that this Court has jurisdiction over Brown's claim under 28 U.S.C. § 157. *See Housdan*, 2014 WL 4814760, at *7, n. 8. As this Court explained in *Housdan*, "[t]he essential distinction that must be made . . . is whether this action is a core or non-core proceeding." *Id.* (citation omitted).

        [A] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case. Section 157 apparently equates core proceedings with the categories of arising under and arising in proceedings. A non-core proceeding is any action that is not based on any right created by the federal bankruptcy law, but rather on state created rights.

*Id.* (internal citations and quotation marks omitted). Because Brown alleges state law claims only, none of which could arise only in a bankruptcy proceeding, the case is a non-core proceeding and therefore "the Court does not have subject matter jurisdiction based on [Brown's] bankruptcy action." *Id.*

after the date the bankruptcy case was dismissed. Thus, Brown's claims are not related to her former bankruptcy case.[11]

### III.   Attorney's Fees

Brown argues that attorney's fees and costs should be assessed against Defendants as compensation for her being forced to defend Defendants' "baseless removal." Docket No. 19, at 13. Title 28 U.S.C. § 1447(c) gives the district court discretion to award attorney fees and costs resulting from a remand order: "[a]n order remanding the case may require payment of just costs and actual expenses, including attorney fees, incurred as a result of removal." Plaintiff is not automatically entitled to an award of attorney's fees upon remand. The decision to award costs and attorney's fees is left to the sound discretion of the court. *See Ellis v. Piccadilly Restaurants, LLC*, No. 3:11-CV-394-CWR-FKB, 2011 WL 8198686, at *4 (S.D. Miss. Sept. 26, 2011). Having considered the relevant factors, the Court declines to assess costs and attorney's fees. *See id.*

---

[11] This Court's opinion in *Housdan* is also relevant to the issue of whether this matter is "related to" Brown's bankruptcy case. In *Housdan*, this Court explained that even if this matter were "related to" the plaintiff's former bankruptcy case, remand would still be appropriate. *Id.* at 7. Section 1334(c)(2) provides that:

> [u]pon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the *district court shall abstain from hearing* such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

(Emphasis added). According to the Fifth Circuit Court of Appeals,

> this provision to mandate federal court abstention where (1) [t]he claim has no independent basis for federal jurisdiction, other than § 1334(b); (2) the claim is a non-core proceeding, i.e., it is related [to a case under title 11 but does not arise under] or in a case under title 11; (3) an action has been commenced in state court; and (4) the action could be adjudicated timely in state court.

*In re TXNB Internal Case*, 483 F.3d 292, 300 (5th Cir. 2007) (citation and quotation marks omitted). Thus, this case must properly be heard in state court.

**CONCLUSION**

Accordingly, Plaintiff's motion to remand [Docket No. 18] is granted and her request for costs and attorney's fees is denied.  Because this Court lacks jurisdiction over this case, the lawsuit is  remanded to the Circuit Court of the First Judicial District of Hinds County, Mississippi. The Court does not reach the merits of the motions to dismiss [Docket Nos. 7, 10, & 22]. Those motions  may be considered by the state court.

An Order of Remand shall follow.

**SO ORDERED**, this the 30th day of June, 2015.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

14